UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO CARRILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF REEDLEY, et al.,<br><br>　　　　　Defendants. | Case No.   1:24-cv-01093-JLT-EPG<br><br>ORDER APPROVING, IN PART, STIPULATION FOR PROTECTIVE ORDER<br><br>(ECF No. 17) |

　　　　　This matter is before the Court on the parties' stipulation for entry of a protective order. (ECF No. 17). Upon review, the Court will approve the stipulation in part.

　　　　　The Court finds the proposed protective order acceptable in most respects. However, the parties define confidential information or items to mean "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." (ECF No. 17, p. 2). Such a definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection without ever disclosing the types of information at issue contrary to Local Rule 141(c)(1), which requires as follows: "A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)."

　　　　　However, in the "scope" section of the stipulation, the parties state that the confidential information or items includes more specific types of information, including the following:

- Law enforcement personnel file documents and materials that concern, relate, or refer to fitness for duty reports and evaluations, performance evaluations, discipline, awards, commendations and recognition, reassignments or position changes, employee personal data, and related records;

- City of Reedley internal investigation documents and materials, excluding all materials related to the instant matter already disclosed pursuant to the California Public Records Act, but including internal affairs investigation files, citizen complaints, personnel file documents and data, incident reports, log books, and other related records;

- Medical and/or mental health records relating to or concerning the Plaintiff;

- Police reports or other materials relating to or concerning the Plaintiff; and,

- Any other records containing the SSN or other personal, identifying information, such as DOB, address, or phone number of the Plaintiff or a named party.

(ECF No. 17, pp. 3-4).

The Court will limit the parties' definition of confidential information or items to such types of information identified in the "scope" section of the stipulation.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, the Court's established practices or Rules will govern. (*See* Standard Procedures, available on the Court's website at https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50351/).

Accordingly, IT IS ORDERED that the stipulation for a protective order (ECF No. 17) is granted, in part, as explained above.

IT IS SO ORDERED.

Dated:  **August 25, 2025**                   /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE

2