UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO CARRILLO, | Case No. 1:24-cv-01093-JLT-EPG |
| Plaintiff, | ORDER APPROVING STIPULATION TO MODIFY SCHEDULING ORDER, IN PART |
| v. | (ECF No. 28) |
| CITY OF REEDLEY, et al., | |
| Defendants. | |

Pursuant to Eastern District Civil Local Rule 143(a), Plaintiff, by and through his undersigned counsel of record, and Defendants, by and through their undersigned counsel of record (the "Parties"), and subject to the approval of the Court, respectfully stipulate and request as follows:

1. The Parties agreed to conduct key discovery and then forbear from further discovery to facilitate an opportunity to engage in mediation, but due to the timing of the mediation in terms of a date that aligned with the Parties' and the mediator's schedule and other factors necessary for the mediation, the soonest a session could be scheduled was for **May 12, 2026**. Consequently, in the event that the mediation does not result in a settlement and litigation resumes, there will not be adequate time remaining on the current schedule to complete the necessary discovery. This is the Parties' second request to modify the operative scheduling order. *See* ECF No. 26. The Parties seek to continue by ~240 days the deadline for completion of non-expert discovery and successive dates. When an act must be done within a specified time, the Court may, for good cause, extend the time with or without a motion if the Court acts, or a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). With respect to an order setting forth the Court's

1

pretrial schedule, "[t]he district court may modify the pretrial schedule 'if it cannot be reasonably met despite the diligence of the party seeking the amendment.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Parties respectfully submit that they have acted diligently and, thus, good cause exists to extend the Non-Expert Discovery Cutoff, which is currently June 15, 2026 (ECF No. 26), as well as the successive deadlines, for the following reasons.

2.   The Parties diligently conducted enough discovery to be prepared to engage meaningfully in mediation. Both Plaintiff and Defendants have served and responded to written discovery requests, and both have served subpoenas on third-parties for documents and materials. Defendant Steven Puryear was deposed by Plaintiff, on December 8, 2025; Plaintiff Ernesto Carrillo was deposed by Defendants, on January 15, 2026.

3.   Subsequent to Plaintiff's deposition, Plaintiff's counsel began to set other depositions of other officers, but it was proposed that, in order to conserve the attorneys' fees and costs that would be expended, the Parties could agree to an informal "cease fire" of discovery, to facilitate a session of ADR; the Parties sought to schedule a Settlement Conference with Your Honor, but ultimately, due to logistical problems, a date that aligned could not be identified. Consequently, the Parties agreed to mediate the case with the Hon. Judge Alan M. Simpson (Ret.), who formerly presided on the Fresno County Superior Court.

4.   Compounding this scheduling difficulty, it was necessary – in order to have a productive mediation session with any realistic possibility of success or even productivity – to have have some key reports from Plaintiff's damages experts completed prior to mediation. Plaintiff's counsel, based on their experience with similar, serious injury cases involving a traumatic brain injury or an injury of similar magnitude, know that mediation is only going to be productive if counsel for Defendants and their principals with settlement authority have the ability to review the Plaintiff's key expert reports on the issue of damages that outline the nature and extent of Plaintiff's non-economic and economic damages, as well as the future prognosis of Plaintiff, prior to the mediation. This practical reality necessarily required selecting a date for mediation by which these would be completed.

5.   Despite their best efforts and desire to book a sooner date, the earliest date that was

available, which satisfied this necessary condition and also aligned with the schedules of counsel and their principals, was May 12, 2026; thus, that date was booked.

6.   However, if the mediation session does not yield a resolution and litigation resumes, there will then be inadequate time remaining on the schedule in which to complete the remaining depositions that Plaintiff's counsel previously scheduled, but agreed to take off the calendar; nor will there be sufficient time to complete the remaining discovery Defendants need to complete. This is so because, inter alia, the undersigned counsel for Plaintiffs will be out of state in New Mexico, for depositions in another matter, as well as visiting family, from June 6 – 20, and functionally speaking, all dates preceding that date (but following the May 12, 2026 mediation date) are booked for Plaintiff's counsel with depositions and hearings in other matters. Further, counsel for Defendants are presently preparing for trial set for May 26, 2026, in a separate matter involving a wrongful death case with multiple out-of-state parties.

7.   Additionally, in view of counsel for the Parties' desire to exercise professional courtesy to counsel and deponents to the maximum extent possible by only setting depositions on dates that align with everyone's schedules, and the fact that all counsels' schedules are highly impacted, it will not be possible to complete the depositions and other discovery necessary in this case prior to the present cutoff for this additional reason.

8.   Accordingly, good cause exists for the requested modification of the operative scheduling order. Granting this extension will allow the Parties to prepare for and meaningfully participate in the mediation on May 12, 2026, while conserving attorney time and resources in the meantime.

For the foregoing reasons, the Parties respectfully stipulate and request that the operative scheduling order, ECF No. 26, be modified as follows:

| Matter | Current Deadline | Proposed New Deadline |
| --- | --- | --- |
| **Non-Expert Discovery Cutoff** | June 15, 2026 | February 10, 2027 |
| **Expert Disclosures** | July 20, 2026 | March 17, 2027 |
| **Rebuttal Expert Disclosures** | August 17, 2026 | April 14, 2027 |
| **Expert Discovery Cutoff** | September 14, 2026 | May 12, 2027 |

| **Dispositive Motion Filing Deadline** | November 13, 2026 | July 12, 2027 |
|---|---|---|
| **Pretrial Conference** | Monday, March 15, 2027, at 1:30 p.m., in Courtroom 4 (JLT) before District Judge Jennifer L. Thurston | Monday, November 15, 2027, at 1:30 p.m., in Courtroom 4 (JLT) before District Judge Jennifer L. Thurston |
| **Jury Trial** | Tuesday, May 18, 2027, at 8:30 a.m., in Courtroom 4 (JLT) before District Judge Jennifer L. Thurston | Tuesday, January 28, 2028, at 8:30 a.m., in Courtroom 4 (JLT) before District Judge Jennifer L. Thurston |

For the foregoing reasons, the Parties, by and through their undersigned counsel, stipulate and respectfully request that the scheduling order be amended, as set forth above.

Respectfully Submitted

Dated: April 30, 2026                    LONGYEAR, LAVRA & CAHILL, LLP


By:      */s/ Eduardo Ruiz\**
            VAN LONGYEAR
            EDUARDO RUIZ
            Attorneys for Defendants,
            City of Reedley and
            Sgt. Steven Lee Puryear, Jr.

Dated: April 28, 2026                    LAW OFFICE OF SANJAY S. SCHMIDT
                                                     -and-
                                                     CASPER, MEADOWS, SCHWARTZ & COOK

By:      */s/ Sanjay S. Schmidt*
            SANJAY S. SCHMIDT
            ADAM CARLSON
            Attorneys for Plaintiff,
            Ernesto Carrillo

4

*Mr. Ruiz consented to the filing of this document via CM-ECF.

<u>**ORDER**</u>

Upon review of the parties' stipulation, the Court will approve it, in part. (ECF No. 28).

Specifically, the Court does not find good cause to grant the approximate eight-month extensions of the current dates and deadlines. This case was filed in September 2024 and initially scheduled in December 2024 (ECF No. 15), and the Court has already extended the dates and deadlines by five months (ECF No. 26) at the parties' request. Further, the parties mediation is scheduled for next week on May 12, 2026, so that parties can resume active litigation shortly if the mediation is not successful.

However, the Court will extend the relevant dates and deadlines by approximately three months to allow the parties to conclude discovery if the case does not resolve at mediation.

Accordingly, IT IS ORDERED that the scheduling order (ECF No. 26) is modified as follows, with no further extensions of these dates and deadlines being granted:

| Matter | Current Deadline | New Deadline |
| --- | --- | --- |
| **Non-Expert Discovery Cutoff** | June 15, 2026 | September 15, 2026 |
| **Expert Disclosures** | July 20, 2026 | October 20, 2026 |
| **Rebuttal Expert Disclosures** | August 17, 2026 | November 17, 2026 |
| **Expert Discovery Cutoff** | September 14, 2026 | December 14, 2026 |
| **Dispositive Motion Filing Deadline** | November 13, 2026 | February 12, 2027 |
| **Pretrial Conference** | Monday, March 15, 2027, at 1:30 p.m., in Courtroom 4 (JLT) before District Judge Jennifer L. Thurston | June 21, 2027, at 1:30 p.m., in Courtroom 4 (JLT) before District Judge Jennifer L. Thurston |

| **Jury Trial** | Tuesday, May 18, 2027, at 8:30 a.m., in Courtroom 4 (JLT) before District Judge Jennifer L. Thurston | August 31, 2027, at 8:30 a.m., in Courtroom 4 (JLT) before District Judge Jennifer L. Thurston |
|---|---|---|

IT IS SO ORDERED.

    Dated:    **May 7, 2026**            /s/ _Erica P. Grosjean_

                                   UNITED STATES MAGISTRATE JUDGE